## Ex Parte Berlanga.

## Appeal from the District Court of Humacao.

### No. 99.—Decided March 18, 1904.

Ownership—Written or Recordable Title.—Although article 395 of the Mortgage Law authorizes proceedings relating to the ownership of real property only in case of property holders who are without a written title of ownership, this should be understood as referring to persons who have no title of ownership, capable of being recorded in the Registry of Property.

Id.—Private Documents.—Property owners who can present only titles of ownership consisting of private documents, not recordable in any form in the Registry because lacking the legal conditions, are practically included in article 395 of the Mortgage Law, and may record their property by means of the judicial proceedings established therein.

Id.—Possession to Acquire Ownership.—The possession by the petitioner for a period of two years, when neither the time of possession nor the title of

causante, no es suficiente para adquirir por prescripción el dominio de los inmuebles.

## EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de Humacao á instancia de Don Rafael Berlanga y Hostos sobre acreditar el dominio de una finca rústica, pendientes ante *nos* á virtud del recurso de apelación, interpuesto por la representación del promovente, contra la sentencia dictada por el referido Tribunal de Distrito, que copiada á la letra dice así:

"*Sentencia.*—En la ciudad de Humacao á veinte y cinco de Agosto de mil novecientos tres, visto este expediente promovido por Don Rafael Berlanga Hostos, mayor de edad, casado y de esta vecindad, sobre declaratoria de dominio de varias fincas rústicas.

1. *Resultando* : que en cinco de Enero último el Lcdo. Don Juan F. Vías, en representación de Don Rafael Berlanga Hostos, presentó escrito á este Tribunal solicitando que se declare á favor de su representado el dominio de una finca rústica sita en el barrio de Rio Abajo de este término municipal, compuesta de catorce cuerdas de terreno llano, dedicadas á la siembra de palmas de coco y otros frutos menores, en colindancia por el norte con tierras de Don Juan José Sánchez, por el sud con terrenos del propio compareciente Sr. Berlanga, por el este con la zona maritima y por el oeste con terrenos de Don Juan Bertrán, cuya finca la adquirió por compra que de ella hizo á Doña Pilar Torres y Díaz, quien á su vez la adquirió por herencia de su padre, efectuándose el ameritado contrato de compraventa mediante documento privado que fué suscrito y autorizado el día treinta y uno de Diciembre último por ante el Notario Sr. Vías, y para justificar los hechos expuestos, presentó el referido documento privado, proponiendo que los testigos Don Augustín Pastrana y Don Juan José Sánchez, que aparecen firmando el documento, declaren á tenor de los mismos, debiendo reconocer, á la presencia judicial, sus respectivas firmas.

2. *Resultando* : que por providencia de cinco de Enero último se dió traslado de dicho escrito al Ministerio Fiscal, se mandó citar á Doña Pillar Torres y á lo spropietarios colindantes, se declararon pertinentes las pruebas propuestas y se ordenó convocar por medio de edictos, que se fijarían en los parajes públicos de esta ciudad, y se

his predecessor in interest is shown, is not sufficient to acquire the ownership of real estate by prescription.

## STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of Humacao, by Rafael Berlanga y Hostos, for the purpose of establishing his ownership of a rural estate, which case is pending before us on appeal taken by counsel for petitioner from the judgment rendered by said court, which judgment reads as follows:

"Judgment.—In the city of Humacao, August 25, 1903. In the matter of proceedings instituted by Rafael Berlanga y Hostos, of age, married and a resident of this locality, for a declaration of ownership of several rural estates.

"On January 5, 1903, Attorney Juan F. Vías, on behalf of Rafael Berlanga Hostos, presented an application to this court for a declaration of ownership in favor of his client, of a farm situated in *barrio* 'Rio Abajo,' within this municipal district, consisting of fourteen *cuerdas* of level lands devoted to the raising of cocoanut palms and other minor products, and having the following boundaries: On the north, lands belonging to Juan José Sánchez; on the south, lands belonging to the petitioner Berlanga; on the east, the maritime zone; and on the west, lands belonging to Juan Bertrán; which property was acquired by petitioner through purchase from Pilar Torres y Díaz, who had inherited it from her father. Said contract of purchase and sale had been effected by private document, signed and authorized December 31, 1902, before Notary Vías. To verify the facts set forth, he produced the aforesaid private document and proposed that Agustín Pastrana and Juan José Sánchez, who had signed said document as witnesses thereto, be called to testify as to the facts therein recited and to acknowledge in court their respective signatures.

"By an order issued January 5, 1903, notice of said petition was served upon the Department of Justice, Pilar Torres and other adjoining owners were ordered to be summoned, the evidence proposed was declared pertinent, and instructions were given for a call by notices to be posted in public places in the city of

insertarían en el periódico ''The Puerto Rico Sun'', á las personas ignoradas á quienes pudiera perjudicar la inscripción de la finca, para que dentro de sesenta días naturales comparecieran á alegar su derecho.

3. *Resultando*: que fueron citados los colindantes y la anterior dueña y declararon los testigos Don Augustín Pastrana y Don Juan José Sánchez, manifestando que les constaba que Don Rafael Berlanga Hostos es dueño en pleno dominio de la finca referida, la cual adquirió por compra hecha á Doña Pilar Torres, mediante documento privado otorgado el treinta de Diciembre del año pasado, reconociendo como suyas las firmas puestas al pié del mismo, con sus nombres y apellidos.

4. *Resultando*: que en el periódico ''La Democracia'' fueron publicados los edictos, y pasado este expediente al Ministerio Fiscal se opuso á su aprobación porque no existe en los autos certificación alguna del Tesorero de Puerto Rico, creditiva de que el promovente satisfaga la contribución del inmueble ó de que el anterior dueño la satisfacía.

5. *Resultando*: que en la tramitación de este expediente se han observado las prescripciones legales. Siendo Ponente el Sr. Juez Asociado Don Charles E. Foote.

1. *Considerando*: que el Artículo 395 dé la Ley Hipotecaria establece el expediente de dominio, no para los que no tengan título escrito bastante á los efectos del Registro de la Propiedad, como el que presenta el promovente, sino para los que carezcan de título escrito.

*Fallamos*: declarando no haber lugar á aprobar este expediente con la declaración de dominio solicitada. Así por esta nuestra sentencia definitivamente juzgando lo pronunciamos, mandamos y firmamos: Salvador Fulladosa, Ramón Quiñones, Charles E. Foote''.

*Resultando*: que contra esta sentencia interpuso apelación la representación del promovente, y admitido el recurso libremente, y en ambos efectos, se elevaron los autos á esta Superioridad, con citación y emplazamiento de las partes, y que personado el apelante, y sustanciado en forma el recurso, se

Humacao and published in the newspaper, 'The Porto Rico Sun,' of the unknown persons whom the desired record might injure, summoning them to appear within the period of sixty natural days to substantiate their claim.

"The aforesaid adjoining property-owners and the former owner were summoned, while the witnesses Agustín Pastrana and Juan José Sánchez testified that to their knowledge Rafael Berlanga Hostos was absolute owner of the aforesaid farm, having acquired it by purchase from Pilar Torres, according to private document executed December 31, 1902, they at the same time acknowledging their signatures in full placed at the foot thereof, with their names and surnames.

"The notices were published in the newspaper, 'La Democracia,' and the papers having been forwarded to the Department of Justice, the desired declaration of ownership was opposed by the latter because there did not appear on the record any certificate from the Treasurer of Porto Rico, showing that the petitioner had paid the tax assessed on said property, nor that it had been paid by the former owner.

"In the conduct of these proceedings the legal provisions have been observed.

"Judge Charles E. Foote prepared the opinion of the court, as follows:

"Article 365 of the Mortgage Law establishes the proceedings relating to dominion, not for persons having a written title of ownership sufficient for the purposes of the Registry of Property, as the one presented by the petitioner, but for those who have no written title whatsoever.

"We adjudge that the declaration of ownership applied for in these proceedings cannot be allowed.

"Thus, by this our decision, finally adjudging, do we pronounce, order and sign. Salvador Fulladosa, Ramón Quiñones, Charles E. Foote."

From the foregoing decision petitioner's counsel took an appeal for a review and stay of proceedings, which was allowed and the record sent up to this Supreme Court, after citation of the parties. Upon their appearance the proper proceedings were had. A day was set and the parties cited

señaló día para la vista, con citación de las partes, á cuyo acto sólo asistió el Señor Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Vías*

Abogado del Pueblo: *Sr. del Toro* (Fiscal).

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando*: que si bien el Artículo 395 de la Ley Hipotecaria de esta Isla sólo autoriza el expediente de dominio para los propietarios que carecieren de título de dominio escrito, esto debe entenderse de los propietarios que carezcan de títulos de dominio inscribibles en el Registro de la Propiedad; y encontrándose en este caso los propietarios que sólo puedan presentar títulos de dominio constantes en documentos privados que no son susceptibles de ser inscritos en ninguna forma en el Registro, por no reunir las condiciones que para ello exige el Artículo 3 de la Ley Hipotecaria, es evidente que esos propietarios están virtualmente comprendidos en el Artículo 395 de la citada ley, y debe permitírseles inscribir sus bienes mediante la información judicial que el mismo artículo establece.

*Considerando*: que ésto no obstante, en el presente caso no es posible acceder á la declaratoria de dominio solicitada por el promovente, Don Rafael Berlanga y Hostos, por no haberlo acreditado en ninguna forma, toda vez que sólo acredita estar en posesión de los terrenos que reclama como de su propiedad hace el espacio de dos años, que no es tiempo suficiente para adquirir por prescripción el dominio de los bienes inmuebles, y que tampoco ha acreditado, en ninguna forma, el tiempo de posesión que llevara su causante, ni el título en virtud del cual lo hubiera adquirido á su vez de sus predecesores.

for the hearing, at which the *Fiscal* of the Supreme Court, who opposed the appeal, was the only one to appear.

*Mr. Vías,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after making the above statement of facts, delivered the opinion of the court.

The findings of fact set forth in the decision appealed from are accepted.

Although article 395 of the Mortgage Law for this Island authorizes the proceedings relating to possession only for such persons as are without a written title of ownership, this should be understood as referring to persons having no title of ownership capable of being recorded in the Registry of Property. And as this is the case with owners who can present only titles of ownership consisting of private documents, not recordable in any form in the Registry because lacking the conditions prescribed for the purpose by article 3 of the Mortgage Law, it is evident that such owners are practically included in article 395 of aforesaid law, and should be allowed to record their property by means of the judicial proceedings established therein.

In the present case, however, the declaration of ownership applied for by the petitioner, Rafael Berlanga y Hostos, cannot be allowed, because he has absolutely failed to establish such ownership, but has only shown that he has been in possession of lands claimed by him as his property for a period of two years, which is not sufficient time for the purpose of acquiring ownership of real estate by prescription. Nor has he in any manner shown how long the property had been in possession of the person from whom he acquired it, nor by virtue of what title the latter's predecessors had come by said property.

*Vistos* los artículos citados de la Ley Hipotecaria y los del nuevo Código Civil, aplicables al caso.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, en cuanto por ella se declara no haber lugar á aprobar este expediente con la declaración de dominio solicitada: con las costas de esta segunda instancia á cargo del apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## Ayuntamiento de Manati *v.* La Administracion de Puerto Rico.

Apelación procedente de la Corte de Distrito de San Juan.

No. 10.—Resuelto en Marzo 18, 1904.

Demanda Contencioso Administrativa. —Termino para Establecerla.—El término para formalizar la demanda contencioso-administrativa no puede exceder de treinta dias y si no se formalizare dentro de ese término deberá declararse de oficio caducado el recurso.

### EXPOSICIÓN DEL CASO.

En el recurso contencioso-administrativo que ante *nos* pende en grado de apelación, entre la Administración General, representada por el Hon. Assistant Attorney General, Don Emilio del Toro, y el Ayuntamiento de Manatí, representado por el Letrado Don Juan R. Ramos, sobre revocación del auto dictado por el Tribunal de Distrito de San Juan en veinte y seis de Junio de 1903, y recaído en pleito seguido por dicho Ayuntamiento contra resolución del Tesorero de Puerto Rico, sobre revocación de una multa impuesta á Don Wenceslao Borda, por omisión de matrículas de ganado; cuyo auto copiado literalmente dice así:

In view of the articles of the Mortgage Law cited herein, and those of the new Civil Code applicable to the case, we adjudge that we should affirm and do affirm the decision appealed from, so far as it is therein adjudged that the declaration of ownership applied for cannot be allowed, costs of these proceedings on appeal being imposed upon appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.